IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Ricky Black, ) | C/A No.  9:06-2247-JFA-GCK |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Ben Sheriff, Pickens County Probation Agent; ) | |
| John Dejong, Pickens County Public Defender, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Ricky Black, initiated this action against the defendants pursuant to 42 U.S.C. § 1983. The plaintiff seeks monetary damages from the defendants for his alleged unlawful arrest and imprisonment concerning a probation violation.

In accordance with established procedures in this District, the case was referred to a Magistrate Judge for pretrial handling. The matter is now before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.[1] In his Report and Recommendation filed with the court on September 7, 2006, the Magistrate Judge suggests that the plaintiff's allegations as to defendant Dejong arise from Dejong's position as the plaintiff's public defender. As

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

such, Dejong is entitled to summary dismissal because he did not act under color of state law when performing "traditional functions as counsel" to the plaintiff. *See Polk County v. Dodson*, 454 U.S. 312 (1981). The Magistrate Judge further suggests that process should issue for the remaining defendant, Ben Sheriff.

The plaintiff was advised of his right to file objections to the Report. Within the time limits set out in the Local Rules for this District, the plaintiff filed a one-page objection memorandum, which the court has reviewed *de novo*.

In his objections to the Report and Recommendation, the plaintiff reiterates his claim in the complaint that Dejong acted under color of state law for the prosecution while appointed as attorney for him. As the Magistrate Judge noted in the Report, a defense attorney, whether privately retained or publicly appointed, is not amendable to suit under 42 U.S.C. § 1983. *Id.*

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds that the Magistrate Judge's suggested disposition is correct and the court overrules the plaintiff's objection.

Accordingly, this action is dismissed without prejudice and without issuance and service of process as to defendant Dejong only. The Clerk is directed to serve the complaint on the remaining defendant, Ben Sheriff.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

October 2, 2006
Columbia, South Carolina

2